1  Quarles & Brady LLP
   Firm State Bar No. 00443100
2  Renaissance One
   Two North Central Avenue
3  Phoenix, AZ  85004-2391
   TELEPHONE 602.229.5200
4
   Stephanie J.  Quincy (#014009)
5        Stephanie.Quincy@quarles.com
   Nicole L. Simmons (#028947)
6        Nicole.Simmons@quarles.com

7  *Attorneys for Defendant Zimmer US, Inc.*

8             IN THE UNITED STATES DISTRICT COURT

9                     DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL MURPHY, a single man, | NO. |
| Plaintiff, | (Formerly Maricopa County Superior Court Case No. CV2019-006482) |
| vs. | **NOTICE OF REMOVAL** |
| ZIMMER US, INC., a Delaware corporation, d/b/a ZIMMER BIOMET, | |
| Defendant. | |

**DEFENDANT ZIMMER US, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C §§ 1332(a)(1), 1441 AND 1446**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF:

PLEASE TAKE NOTICE that Defendant, ZIMMER US, INC. ("Defendant"), hereby gives notice of removal of the civil action, *Michael Murphy v. Zimmer US, Inc.*, Case No. CV2019-006482 (the "State Court Action"), from the Superior Court of the State of Arizona in and for the County of Maricopa to the United States District Court for the District of Arizona.

Defendant files this Notice of Removal (the "Notice") pursuant to 28 U.S.C. §§1441 and 1446(a), and L.R. Civ. 3.6.  The United States District Court has jurisdiction over this case based on diversity of citizenship, under 28 U.S.C. §1332(a)(1).  Pursuant to 28 U.S.C.

QB\57543243.1

§ 1446(b), complete copies of the filings in the State Court Action, including a copy of the Summons, Complaint ("Compl."), and all other process, pleadings, orders, and other papers filed in the State Court and/or served on Defendant, is attached hereto as **Exhibit 1**.

As grounds for removal of this action, Defendant states as follows:

1. Plaintiff filed the State Court Action on April 11, 2019. [*See* Compl.].

2. Defendant was served with a copy of the Summons and Complaint on April 24, 2019. Defendant has not pled, answered, appeared or otherwise defended in the State Court Action.

3. This Notice is timely, as it is filed within thirty (30) days of the date on which Defendant was served with Plaintiffs' Complaint. *See* 28 U.S.C. § 1446(b).

4. The United States District Court has original jurisdiction over this action under 28 U.S.C. § 1332, because each plaintiff is diverse from the citizenship of each defendant, and the amount in controversy exceeds the sum or value of $75,000.00.

5. Plaintiff Michael Murphy alleges that he is a resident of Maricopa County, Arizona. [Compl. at ¶ 1].

6. Defendant is a corporation that is incorporated in Delaware, with its principal place of business not in Arizona. [**Exhibit 2**, Declaration of Heather Kidwell, ¶ 4].

7. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, computed on the following basis:

   a. Plaintiff seeks "[f]or compensatory damages in an amount to be determined at trial sufficient to qualify this as a Tier 3 case." [Compl. at ¶41(A), 49(A), and 55(A)].

   b. Pursuant to Arizona Rule of Civil Procedure 26.2(c)(3)(C), Tier 3 monetary limits include "[a]ctions claiming $300,000 or more in damages."

   c. According to a reasonable reading of the Complaint and a preponderance of the evidence, the amount in controversy, exceeds the jurisdictional

minimum of $75,000.00. Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A court may determine whether the threshold amount is satisfied based on "a reasonable reading of the value of the rights being litigated." *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

8. Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 94 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants").

9. As required by Local Rule 3.6(a), Defendant certifies that it has served a copy of this Notice of Removal on Plaintiff, and a copy of the Notice also has been filed this date with the Clerk of the Arizona Superior Court, as required by 28 U.S.C. § 1446(d). Defendant attaches a copy of the Notice of Filing Notice of Removal filed with the State Court Clerk as **Exhibit 3**.

10. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, in accordance with 28 U.S.C. § 1446(a).

11. By filing this Notice, Defendant does not waive any defenses to Plaintiff's Complaint.

WHEREFORE, Defendant removes this action in its entirety from the State Court of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and requests that this Court take any and all further action as is just or appropriate.

RESPECTFULLY SUBMITTED this 23rd day of May, 2019.

QB\57543243.1

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391

By *s/ Stephanie J. Quincy*
    Stephanie J. Quincy
    Nicole L. Simmons

*Attorneys for Defendant ZIMMER US,, Inc.*

QB\57543243.1

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 23, 2019, a true and correct copy of the foregoing has been furnished by first-class mail to the following:

Michael D. Curran, Esq.
Maynard Cronin Erickson Curran & Reiter, P.L.C.
3200 North Central Avenue, Suite 1800
Phoenix, Arizona  85012
*Attorneys for Plaintiff.*


*/s/ Meghan M. Campbell*
*An employee of Quarles & Brady LLP*